Richard R. Barker
Acting United States Attorney
Eastern District of Washington
Michael L. Vander Giessen
Special Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>KEVIN WILLIAM WISSMAN,<br><br>                Defendant. | Case No. 2:23-cr-00116-TOR<br><br>United States' Sentencing Memorandum and Motion for Upward Variance |

      The Plaintiff, the United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Michael L. Vander Giessen, Special Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following memorandum on the sentencing of the Defendant, Kevin William Wissman.

      On March 12, 2025, Mr. Wissman pleaded guilty without a plea agreement to Theft from an Indian Tribal Organization, in violation of 18 U.S.C. § 1163. ECF No. 23 at 1. The United States moves the Court to vary upward from the applicable U.S. Sentencing Guidelines ("USSG") provision by four offense levels. Accordingly, the United States recommends the Court sentence Mr. Wissman to twelve months' imprisonment followed by one year's supervised release, no fine, and $916.81 in restitution based on the Bureau of Indian Affairs' expert analysis of the stolen items' fair market value.

United States' Sentencing Memorandum and Motion for Upward Variance – 1

On October 30, 2020, Mr. Wissman stole five infant moccasins and one beaded glove that were on display in the Heritage Hall of the Northern Quest Resort and Casino in Airway Heights, Washington. ECF No. 20 at 3; ECF No. 27 ¶¶ 9–10. The items were displayed inside a shadow box and behind a glass display window at the time Mr. Wissman stole them. ECF No. 27 ¶ 9. The items had been placed there after their owner, a member of the Kalispel Tribe of Indians, loaned them to the Kalispel Tribe's facility for purposes of displaying cultural items from Kalispel tribal members. ECF No. 27 ¶ 13. The owner inherited the items from his mother, who was also a Kalispel tribal member and made the moccasins and glove for her children in the early 1940s. ECF No. 27 ¶ 13. To date, the moccasins and glove Mr. Wissman stole have not been recovered.

This theft was devastating to the Kalispel Tribe and the individual Kalispel tribal member who owned these invaluable heirlooms. *See* ECF No. 27 ¶¶ 10, 13. To the Kalispel Tribe, the moccasins and glove Mr. Wissman stole were not just decorative items in a display case, but rather priceless and irreplaceable pieces of Kalispel tribal history and culture. *See* ECF No. 27 ¶ 10. And to the individual Kalispel tribal member who owned the moccasins and glove, the items "were of utmost value to himself and his family" because "one pair of moccasins was his when he was young" while "the remaining moccasins belonged to two of his other brothers." ECF No. 27 ¶ 13. "[T]he theft impacted [the owner and his whole family] as the items c[an] no longer be passed on to the next generation." ECF No. 27 ¶ 13.

Notably, the Kalispel Tribe has offered a $25,000 reward for information leading to safe recovery of the stolen moccasins and glove. Bates No. 00000137.04. The Spokesman-Review published the Kalispel Tribe's offer on the front page of its December 29, 2024 issue. Bates No. 00000172. The Yakima Herald also published the Kalispel Tribe's offer in its December 29, 2024 issue. Bates No. 00000177.

The theft of any Indian cultural item is a serious offense, reflects blatant disregard for the rule of law, and requires just punishment that affords adequate

United States' Sentencing Memorandum and Motion for Upward Variance – 2

deterrence to both the thief and other people in this district who contemplate illegally taking, possessing, or trafficking in Indian cultural items. *See* 18 U.S.C. § 3353(a).

The United States' legal analysis indicates it was a close call whether the moccasins and glove Mr. Wissman stole qualified as "cultural heritage resource[s]," which would have triggered a cross-reference to a different Guidelines provision advising a higher imprisonment range. *See* USSG §§ 2B1.1(c)(4), 2B1.5. If the stolen moccasins and glove had qualified as "cultural heritage resource[s]," the advisory imprisonment range would have been six to twelve months rather than the current zero to six months. *See* USSG §§ 2B1.5(a), (b)(3), 3E1.1(a).

Similarly, the $916.81 valuation of the stolen moccasins and glove was slightly under the $1,000 threshold for charging a felony with a statutory maximum penalty of five years' imprisonment. *See* 18 U.S.C. § 1163.

In any event, Mr. Wissman's theft of the moccasins and glove has caused irreparable harm to the Kalispel Tribe and the individual Kalispel tribal member who owned these invaluable heirlooms. Despite the United States' thorough investigation efforts, it appears the moccasins and glove Mr. Wissman stole may never be recovered. A restitution order, even if paid, could never substitute for the priceless and irreplaceable value that the Kalispel Tribe and the affected Kalispel tribal member attributed to the stolen moccasins and glove. Regardless, it appears Mr. Wissman cannot or will not pay any restitution order. ECF No. 27 ¶¶ 151–53. Further, supervised release—which is primarily focused on rehabilitation—will not atone for Mr. Wissman's theft of these invaluable heirlooms. Imprisonment is the Court's only remaining punitive option.

From the beginning of his criminal career to the present, Mr. Wissman's history is replete with theft-related property crimes. He has been convicted of twenty-one such crimes. Those convictions include residential burglary and theft of a firearm committed in 2010 (for which Mr. Wissman was sentenced to a total of ten years' imprisonment), ECF No. 27 ¶ 99, four counts of forgery and two counts of

United States' Sentencing Memorandum and Motion for Upward Variance – 3

residential burglary committed in 1996, ECF No. 27 ¶ 88, two counts of forgery and one count of second degree possession of stolen property committed in 1996, ECF No. 27 ¶ 86, two counts of forgery committed in 1996, ECF No. 27 ¶ 83, forgery committed in 1996, ECF No. 27 ¶ 80, third degree theft committed in 1994, ECF No. 27 ¶ 74, second degree burglary committed in 1992, ECF No. 27 ¶ 71, shoplifting committed in 1992, ECF No. 27 ¶ 69, second degree burglary committed in 1990, ECF No. 27 ¶ 61, second degree burglary committed in 1989, ECF No. 27 ¶ 58, shoplifting committed in 1989, ECF No. 27 ¶ 52, and second degree possession of stolen property committed in 1982, ECF No. 27 ¶ 40. Mr. Wissman also has a third degree theft charge with an alleged offense date of April 2, 2023 pending in the Lower Kittitas County District Court. ECF No. 27 ¶ 108.

Mr. Wissman's October 30, 2020 theft of the moccasins and glove was not merely, as he claims, "a theft of opportunity." ECF No. 28 at 3. It was a continuation of a pattern of theft-related crimes he has committed throughout his adult life—from as early as age eighteen to as recently as age fifty-nine, just two years ago. ECF No. 27 ¶¶ 40, 108.

A significant punishment is warranted in sentencing Mr. Wissman for the instant offense. And this punishment requires more than credit for time served. Mr. Wissman was arrested for the instant offense on January 15, 2025. As of June 12, 2025—the scheduled date of sentencing—Mr. Wissman will have 148 days' credit for time served. But Mr. Wissman's detention from initial appearance through sentencing was based entirely on his flight risk in the pre-judgment phase of this case. *See* ECF Nos. 9, 17, 25, 26. It was not punitive. At sentencing, the Court should impose a just punishment in addition to the time Mr. Wissman has served so far.

The statutory maximum sentence is twelve months' imprisonment. 18 U.S.C. § 1163; ECF No. 27 ¶ 154. Only a sentence of twelve months' imprisonment is sufficient but not greater than necessary to reflect the nature and circumstances of the offense and the history and characteristics of Mr. Wissman; the need for the

United States' Sentencing Memorandum and Motion for Upward Variance – 4

sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and the need for the sentence imposed to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a).

Considering all, the Court should grant the United States' motion for a four-level upward variance and sentence Mr. Wissman to twelve months' imprisonment followed by one year's supervised release, no fine, and $916.81 in restitution.

Dated: May 29, 2025.

Richard R. Barker
Acting United States Attorney

*s/ Michael L. Vander Giessen*
Michael L. Vander Giessen
Special Assistant United States Attorney

United States' Sentencing Memorandum and Motion for Upward Variance – 5

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Defendant's counsel of record, Adrien L. Fox.

*s/ Michael L. Vander Giessen*
Michael L. Vander Giessen
Special Assistant United States Attorney

United States' Sentencing Memorandum and Motion for Upward Variance – 6